UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ASHLEY KEALEY,

           Plaintiff,

v.

MARTIN O'MALLEY, Commissioner of Social Security,

           Defendant.

Case No. 23-CV-611-JPS

**ORDER**

---

**1.    INTRODUCTION**

In December 2023, the Court remanded this matter to the Commissioner of Social Security (the "Commissioner" or "Defendant") and entered judgment accordingly following the parties' stipulation for a remand for further proceedings. ECF Nos. 20, 21, 22. Now before the Court is Plaintiff Ashley Kealey's ("Plaintiff") motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 23. The Commissioner opposes the motion for attorney's fees under the "special circumstances exception to the . . . EAJA." ECF No. 24 at 1. For the reasons discussed herein, the Court will grant in part and deny in part the motion.

**2.    BACKGROUND**

In May 2023, Plaintiff sought review before this Court of a final adverse social security decision. ECF No. 1. The following month, the Court entered a briefing schedule, ordering Plaintiff to file her brief in support within thirty days of the Commissioner's filing of the administrative record. ECF No. 7.

The Commissioner filed the administrative record on July 17, 2023. ECF No. 9. Roughly two and a half months passed with no action or communication from Plaintiff. On October 6, 2023, Plaintiff filed a bare-bones motion for an extension of time to file her brief in support, citing only a "loss of contact with the Plaintiff." ECF No. 11.

The Court ordered Plaintiff to show cause as to why her motion for extension of time, ECF No. 11, should not be denied and her case dismissed for failure to prosecute. ECF No. 12. The Court noted that the motion was "contained within three sentences;" was "supported by no declaration, details, or other corroboration or elaboration;" "fail[ed] to specify when counsel allegedly lost contact with his client and why he did not bring the issue to the Court's attention sooner;" and relied on the wrong rule and legal standard. *Id.* at 1–2 ("In this case, having moved for an extension of time . . . roughly two months after [the deadline], it is instead Rule 6(b)(1)(B) [that] applies," not Rule 6(b)(1)(A)); *id.* at 2 (noting that the applicable rule requires a showing of "excusable neglect," which standard Plaintiff had not acknowledged). The Court warned that if it was not satisfied with Plaintiff's response to the show cause order, it would dismiss the case. *Id.*

Plaintiff's response was similarly deficient. ECF No. 13. It was again contained within a total of three sentences and again cited to the wrong rule, notwithstanding the Court's having explicitly pointed Plaintiff to the correct one. *Id.* In its order on the motion to extend, the Court noted that Plaintiff had failed "to address the majority of [its] questions and concerns . . . set forth in its show cause order" and had made "no attempt to demonstrate with argument and supporting case law why the relief [Plaintiff's counsel] s[ought] should be granted and why the 'excusable

neglect' standard . . . [wa]s met." ECF No. 14 at 2. "It should go without saying," the Court wrote, that

> if an attorney loses contact with his client before a deadline, he should alert the Court to such circumstance and move for an extension of time, if necessary, *before* such deadline—not two months later. Moreover, when he does eventually so move, he should do so under the correct rule and legal standard and set forth appropriate argument and support.

*Id*. at 3. The Court noted further that, even taking Plaintiff's counsel at his word that he lost contact with his client, there was "nothing in the record to suggest that [these] circumstances prevented him from advising the court or [the other party] of [t]his situation." *Id.* (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006)).

Notwithstanding Plaintiff's failure to appropriately show cause and the Court's admonition that such failure would result in dismissal of the case, the Court determined that "a different course of action [wa]s in order" to avoid "punishing the plaintiff through dismissal of the suit." *Id.* at 4 (quoting *Ball v. City of Chicago*, 2 F.3d 752, 758 (7th Cir. 1993)). The Court accordingly ordered Plaintiff's counsel to provide his client with a copy of its order so that she would be "aware of her counsel's lack of diligence and competence in prosecuting her case." *Id.* at 3–4. The Court also invoked General Local Rule 83(c)(3), requiring Plaintiff to obtain local counsel. *Id.* at 4.

Several months later and after Plaintiff's recruitment of local counsel, the parties stipulated to remand this matter for further proceedings. ECF No. 20. The Court adopted the stipulation and remanded the matter. ECF Nos. 21, 22.

## 3. LAW AND ANALYSIS

Plaintiff now moves for attorneys' fees in the total amount of $13,500 under the EAJA. ECF No. 23. "The EAJA allows a prevailing party in a civil suit against the government to obtain attorneys fees if the government's position was not 'substantially justified.'" *Williams v. Barnhart*, 35 F. App'x 267, 270 (7th Cir. 2002). The statutory provision provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id.* (quoting 28 U.S.C. § 2412(d)(1)(A)). "[T]he 'special circumstances' exception gives the court discretion to deny an EAJA award . . . ." *City of Evanston v. Barr*, No. 18 C 4853, 2020 U.S. Dist. LEXIS 71564, at *7 (N.D. Ill. Apr. 23, 2020) (citing H.R. Rep. No. 96-1418 at 11 (1980)). "The case law and legislative history suggest that equitable considerations should inform a court's decision on this issue." *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1091 n.5 (E.D. Wis. 2003) (citing *Tavarez v. Comm'r, Soc. Sec. Admin.*, No. 00 Civ. 4317 (DLC), 2001 U.S. Dist. LEXIS 12155, at *4 (S.D.N.Y. Aug. 17, 2001) and H.R. Rep. No. 96-1418 (1980)). "[I]t is the Government's responsibility to establish special circumstances." *City of Evanston*, 2020 U.S. Dist. LEXIS 71564, at *7.

Further, subsection (d)(1)(C) of the EAJA provides that the court may "in its discretion, . . . reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and

unreasonably protracted the final resolution of the matter . . . ." 28 U.S.C. § 2412(d)(1)(C).[1]

The Commissioner opposes Plaintiff's motion for an award of fees under the EAJA based on the special circumstances exception. ECF No. 24. Specifically, the Commissioner argues that the only reason that this case was not dismissed for Plaintiff's counsel's failure to appropriately prosecute was to avoid unfairly punishing the Plaintiff herself and that it would accordingly be "inequitable for [Plaintiff's] counsel to be enriched" by an award of fees under the EAJA. *Id*. at 1, 2; *id.* at 4 ("[I]t would be unjust for counsel to be enriched where his neglect risked dismissal of his client's case."). Granting Plaintiff's counsel's full request for fees, the Commissioner argues, "would send a message that counsel need not be diligent in Social Security matters because [the] lack of diligence and failure to comply with deadlines will presumably be remedied by the Court and paid for by the government." *Id.* at 4–5. The Court agrees and concludes that the Government has met its burden in demonstrating that the special circumstances exception should apply here.

Plaintiff's counsel is not entitled to complete subsidization of his fees in this case by the government and this country's taxpayers. Plaintiff's motion to extend the time to file a brief in support was unjustified, insufficiently argued, and relied on an inapplicable provision of the Federal Rules of Civil Procedure. When the Court alerted Plaintiff's counsel to these issues, he responded with an equally deficient filing that again, blatantly, relied on that same incorrect provision of the Federal Rules of Civil

---

[1]The Commissioner does not rely on this subsection, but the Court nevertheless believes it is applicable in this case.

Page 5 of 8
Case 2:23-cv-00611-JPS   Filed 02/08/24   Page 5 of 8   Document 26

Procedure and failed to provide the basic clarification that the Court expressly requested. Court orders and deadlines are not suggestions. They are not to be disregarded at the convenience of counsel. Plaintiff's counsel's failure to abide by the Court's clear briefing schedule and properly move for an extension of time as necessary constitutes "conduct which unduly and unreasonably protracted the final resolution of the matter" such that this Court may validly reduce the EAJA award sought. 28 U.S.C. § 2412(d)(1)(C).

As the Commissioner correctly notes, the only reason that this case was not dismissed outright based on Plaintiff's counsel's deficient performance was to avoid unfairly prejudicing the Plaintiff herself, who did not bear the blame for her counsel's deficiencies. *See Ball*, 2 F.3d at 758 ("Disciplinary sanctions directed against the misbehaving lawyer 'are likely to prove not only more just to the innocent client, but also more effective as a deterrent since they penalize the wrongdoer directly.'") (quoting *Shea v. Donahoe Constr. Co.*, 795 F.2d 1071, 1079 (D.C. Cir. 1986) and citing *Ripalda v. Am. Operations Corp.*, 977 F.2d 1464, 1467 (D.C. Cir. 1992) and *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990)); ECF No. 14 at 4.

That being the case, it would be inequitable to essentially reward Plaintiff's counsel for his performance in this matter. To award Plaintiff's counsel the sum that he seeks would encourage the dereliction of an attorney's duties of diligence and of competence. It would send the message that one can abandon one's client's case for several months essentially without consequence. The Court refuses to reward such behavior, and so it will reduce the EAJA award Plaintiff seeks from $13,500 to $2,000 (a reduction of roughly 85%). *See Meyler v. Cmm'r of Soc. Sec.*, No. 04-4669 (GEB), 2008 U.S. Dist. LEXIS 51684, at *6–7 (D.N.J. July 7, 2008) (reducing,

but not denying entirely, counsel's award of fees after counsel failed to file an appropriate brief in support of Social Security appeal, delaying the case by three weeks, and otherwise demonstrated "persistent misconduct"). Undertaking this reduction takes into consideration competing equitable considerations; it reflects both that Plaintiff's counsel ultimately obtained a favorable remand for his client, but also that he repeatedly performed deficiently prior to that remand and would have suffered dismissal absent this Court's intervention.

4. **CONCLUSION**

For the reasons discussed herein, the Court will grant in part Plaintiff's motion and order that Plaintiff's counsel be awarded $2,000 in attorneys' fees under the EAJA.

Accordingly,

**IT IS ORDERED** that Plaintiff Ashley Kealey's motion for fees under the EAJA, ECF No. 23, be and the same is hereby **GRANTED in part** and **DENIED in part**; an award of attorney's fees in the sum of $2,000.00 and costs in the amount of $0.00 shall be paid by Defendant in full satisfaction and settlement of any and all claims Plaintiff may have in this matter pursuant to the EAJA. These fees are awarded to Plaintiff and not Plaintiff's attorney and can be offset to satisfy pre-existing debts that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to offset, then Defendant shall direct that the award be made payable to Plaintiff's attorney, Daniel A. Skaar, pursuant to the EAJA assignment signed by Plaintiff and counsel. *See* ECF No. 23-2. If payment is mailed, as compared to electronically deposited, it shall be mailed to

counsel's address of record: Daniel A. Skaar, Skaar Law, 9860 S. Thomas Dr., Unit 503, Panama City Beach, FL 32408.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge